**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ELISA LAPHAND, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-235-SDD-RLB** |
| **TRUFUND FINANCIAL SERVICES, LLC, ET AL.** | |

**ORDER**

Before the Court is Defendants TruFund Financial Services, LLC, Kim Carter, Michael Vaugh, and James Bason's Motion to Stay Discovery and Scheduling Order Deadlines Pending Resolution of Dispositive Motions ("Motion to Stay Discovery"). (R. Doc. 56). The motion is opposed. (R. Doc. 71).

## I. Background

On March 5, 2026, Elisa Laphand, Samuel Laphand, and LAP Services, LLC (collectively "Plaintiffs") commenced this action against the following defendants: TruFund Financial Services, LLC ("TruFund") and Kim Carter, Michael Vaugh, and James Bason (the "TruFund Executives") (collectively, the "TruFund Defendants"); Justin Gaudet; Samona Gaudet; Robert Benitez; Raoul Vasquez; Headway Capital, LLC ("Headway"); and Fora Financial Business Loans, LLC ("Fora") (collectively, "Defendants"). (R. Doc. 1).

Plaintiffs seek relief under federal law, including the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, and Louisiana state law, including the Louisiana Unfair Trade Practices Act. In short, Plaintiffs allege that the Defendants engaged in a fraudulent small-business financing schemes causing Plaintiffs to pay certain fraudulent fees and to otherwise suffer damages.

On May 27, 2026, Headway filed a Motion to Compel Arbitration and Stay Proceedings, which remains pending with the district judge. (R. Doc. 35). This motion seeks relief pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., with respect to an alleged $60,000 provided by Headway to LAP Services, LLC under a business-line-of-credit agreement with an arbitration provision.

On May 29, 2026, the TruFund Defendants filed a Motion to Dismiss Under Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6), and Alternatively, Motion for More Definite Statement under Rule 12(e), which remains pending before the district judge. (R. Doc. 45). Among other things, this motion argues that Plaintiffs cannot establish personal jurisdiction over the individual TruFund Executives and that service and process is improper.

On June 8, 2026, Fora filed its Motion to Dismiss under Rules 12(b)(5) and 12(b)(6), and Alternatively, Motion for More Definite Statement under Rule 12(e), which remains pending before the district judge. (R. Doc. 51).

On June 18, 2026, the TruFund Defendants filed the instant Motion to Stay Discovery, which seeks a stay of discovery in light of the relief sought in the TruFund Defendants' Rule 12 Motion to Dismiss. (R. Doc. 56). Headway and Fora consent to this relief, but do not raise any specific arguments regarding their own pending motions. (R. Doc. 56 at 1). Plaintiff opposes the relief. (R. Doc. 71).

On July 8, 2026, the Court granted Plaintiff's Second Motion for Extension of Time to Complete and Cure Service of Process. (R. Doc. 68). Pursuant to Rule 4(m), the Court provided Plaintiffs a 45-day extension of the deadline to serve the defendants.

The defendants Justin Gaudet, Samona Gaudet, Robert Benitez, and Raoul Vasquez have not made an appearance in this action.

On July 28, 2026, Plaintiffs obtained an Entry of Default as to defendant Samona Gaudet. (R. Doc. 74). No further action with respect to the foregoing defendants has taken place.

## II. Law and Analysis

### A. Legal Standards

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Courts also consider "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer is a stay is granted; and (3) judicial economy." *See Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893, at * 2 (E.D. La. Mar. 5, 2013). "A stay while a dispositive motion is pending is the exception rather than the rule." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. 20-2795, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021).

### B. Analysis

The Court is aware that the instant Motion to Stay Discovery seeks relief solely with respect to the Motion to Dismiss filed by the TruFund Defendants. Having considered the action

as a whole, including the absence of certain individual defendants who have not made an appearance, the Court finds good cause to stay discovery in this action pending resolution of the Defendants' pending motions.

To be clear, general rule is that the Court will not stay discovery pending the resolution of a motion to dismiss seeking dismissal based on the allegations in the pleadings. *See MMR Constructors, Inc. v. JB Grp. of LA, LLC*, No. 22-267, 2022 WL 5310816, at *4 (M.D. La. Oct. 6, 2022) (denying motion to stay discovery pending resolution of dispositive relief sought); *Plain v. Allied Trust Ins. Co.*, No. 26-319, 2026 WL 1832371, at *1 (M.D. La. June 25, 2026) ("No federal or local rule, statute, or binding case law applicable in this case automatically stays discovery pending a ruling on a dispositive motion."); *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. 20-2795, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021) ("A stay while a dispositive motion is pending is the exception rather than the rule."); *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 08-0774, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss.").

In this case, however, in addition to the relief sought pursuant to Rule 12(b)(6), the pending motions to dismiss include challenges to the adequacy of personal jurisdiction and the sufficiency of process and service of process. Certain defendants have yet to make an appearance. Plaintiffs have also filed two motions seeking an extension of their deadlines to serve the defendants who have not made appearances, as well as to address certain service of process issues raised in the pending motions to dismiss. (*See* R. Docs. 47, 68). Under these circumstances, a temporary stay of discovery would promote efficiency and conserve judicial resources pending resolution of the pending motions and any motions pertaining to the absent

defendants. *See Johnson v. PPI Tech. Servs., L.P.*, No. 11-2773, 2012 WL 5449636, at *2 (E.D. La. Oct. 18, 2012), *report and recommendation approved sub nom. Johsnon v. PPI Tech. Servs. LP*, No. CIV.A. 11-2773, 2012 WL 5438999 (E.D. La. Nov. 7, 2012) (finding that it was premature to require production of initial disclosures by two defendants who had pending motions to dismiss for lack of personal jurisdiction and that the stay of discovery would not result in any prejudice). It is also appropriate to stay discovery given the early stage of this stage of the litigation. *See Giles v. GM Fin.*, No. 25-2412, 2026 WL 1763239, at *1 (E.D. La. June 18, 2026) ("Additional reasons for finding good cause here include that discovery is not needed to resolve these pending motions to dismiss; there are no impending trial dates or deadlines; and discovery at this stage would result in an unnecessary burden and expense for the parties.").

Moreover, "[c]onsideration of an agreement to arbitrate is a 'threshold question.'" *Simoneaux v. Scion Grp., LLC*, No. 411, 2024 WL 7004303, at *3 (M.D. La. Mar. 29, 2024) (quoting *Reyna v. Int'l Bank of Com.*, 839 F.3d 373, 377 (5th Cir. 2016) (quoting *Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 196 (5th Cir. 2015))). "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

Having reviewed Headway's Motion to Compel Arbitration and Stay Proceedings, the Court concludes that there is good cause to stay discovery until the district judge resolves this motion, which seeks a stay of the proceedings. *See Patel v. Regions Bank*, No. 18-796, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018) (staying discovery pending resolution of motions to compel arbitration); *see also Williams v. Bankers Life & Cas. Co.*, No. 21-293, 2022 WL 187809, at *2 (M.D. La. Jan. 20, 2022) (denying motion to compel as premature pending

resolution of motions to compel arbitration); *Norman v. Travelers Ins. Co.*, No. 19-2351, 2019 WL 6250782, at *2 (N.D. Tex. Nov. 22, 2019) (granting motion to stay pending resolution of motion to compel arbitration, in part, because of "the substantial likelihood that, if granted, it would result in the complete dismissal of this case as pending in this Court"). A stay of discovery is appropriate even where not all parties are members to the arbitration agreement. *See Francisco v. Stolt-Nielsen, S.A.*, No. 02-2231, 2002 WL 31697700, at *6 (E.D. La. Dec. 3, 2002) ("Courts may stay proceedings as to multiple defendants pending the outcome of arbitration, even if some of those defendants are non-signatories to the arbitration agreement.").

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant TruFund Financial Services, LLC, Kim Carter, Michael Vaugh, and James Bason's Motion to Stay Discovery and Scheduling Order Deadlines Pending Resolution of Dispositive Motions (R. Doc. 56) is **GRANTED**.

**IT IS FURTHER ORDERED** that discovery is stayed pending resolution of the Motion to Compel Arbitration and Stay Proceedings (R. Doc. 35) and the pending Motions to Dismiss (R. Docs. 45, 51).

Signed in Baton Rouge, Louisiana, on August 20, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**